**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 22 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BARRY BLAKELEY, | No. 23-35061 |
| Plaintiff-Appellant, | D.C. No. 3:22-cv-00035-SLG |
| v. | |
| DANIEL G. GUNDERSON; CHRISTOPHER RAFFERTY; TIMOTHY WOLFF; THOMAS V. JAMGOCHIAN; STATE OF ALASKA, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, Chief District Judge, Presiding

Submitted January 22, 2024**

Before:  BENNETT, BADE, and COLLINS, Circuit Judges.

On February 6, 2021, Barry Blakeley was stopped by Defendant Daniel

Gunderson, an Alaska state trooper, on an Alaska highway.  Defendants

Christopher Rafferty and Timothy Wolff, who are also state troopers, subsequently

arrived on the scene.  Gunderson ultimately issued Blakeley a citation for failing to

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes that this case is suitable for decision without oral argument.  *See* FED. R. APP. P. 34(a)(2)(C).

have installed on his vehicle an adequate "device which effectively reduces the wheel spray or splash of water or other substance to the rear of the vehicle." *See* ALASKA ADMIN. CODE title 13, § 04.265(a).

Blakeley did not thereafter correct this deficiency. Instead, he mailed the state district court various documents objecting to the court's jurisdiction over him. He asserted, *inter alia*, that the "State of Alaska" was a "Fiction of Law, not a real entity" and that, as a result, the state troopers and state attorneys pursuing the matter lacked "standing to proceed" and the court lacked "subject matter jurisdiction." He also contended that, because he "was not acting as a driver engaged in Commerce," he was not subject to the provision under which he was cited.

The Alaska District Court served Blakeley by mail with a notice informing him of the date and time of the trial for his violation of § 04.265(a), but Blakeley did not appear at the trial. The state court proceeded to enter a default judgment against him in the total amount of $105. Because the violation underlying this judgment "is not considered a criminal offense" under Alaska law, *see* ALASKA STAT. § 28.90.010(d), the resulting judgment is civil in nature. Blakeley did not appeal the judgment.

In February 2022, Blakeley filed a complaint under 42 U.S.C. § 1983 in federal district court against the three state troopers and the state court judge who

entered the default judgment. The 89-claim complaint alleged violations of multiple federal constitutional provisions, as well as various state law claims. The complaint sought vacatur of the state court judgment and monetary damages.

The federal district court granted Defendants' motion for judgment on the pleadings and dismissed the complaint without leave to amend. The court held that this suit was a de facto appeal of a state court judgment and that the court therefore lacked jurisdiction under the *Rooker-Feldman* doctrine. Alternatively, the court concluded that Blakeley failed to state a claim upon which relief could be granted. Blakeley timely appealed. We affirm.

"The *Rooker-Feldman* doctrine bars lower federal courts from exercising jurisdiction 'to review the final determinations of a state court in judicial proceedings,'" *Benavidez v. County of San Diego*, 993 F.3d 1134, 1142 (9th Cir. 2021) (citation omitted), and this prohibition extends to an action that is the "'de facto equivalent' of such an appeal," *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012) (citation omitted). Reviewing de novo, *see Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003), we agree that Blakeley's claims relating to the issuance of the citation, the disposition of the citation, and the resulting state court judgment are barred by the *Rooker-Feldman* doctrine. These claims allege, as the predicate legal wrong, "an erroneous decision from the state court," namely, its rejection of Blakeley's jurisdictional and constitutional challenges to the issuance and

3

disposition of the citation. *Maldonado v. Harris*, 370 F.3d 945, 950 (9th Cir. 2004). In addition, the complaint seeks vacatur of that judgment and damages flowing from the judgment, and the complaint does not seek prospective relief against future enforcement of the statutes at issue. *See id.* Thus, these claims fall squarely within the core of what *Rooker-Feldman* prohibits. *See Noel*, 341 F.3d at 1156 ("[W]hen a losing plaintiff in state court brings a suit in federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and seeks to vacate or set aside the judgment of that court, the federal suit is a forbidden de facto appeal."); *see also D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (holding that the bar of *Rooker-Feldman* extends to legal claims in the federal suit that are "inextricably intertwined" with the state court's case-specific judgment ruling against the federal plaintiff).

However, Blakeley's claims relating to the lawfulness of the initial stop and the alleged examination of his vehicle and papers do not assert injuries arising from the state court's judgment and are not barred by *Rooker-Feldman*. *See Noel*, 341 F.3d at 1164. Nonetheless, reviewing de novo, *Burgert v. Lokelani Bernice Pauahi Bishop Tr.*, 200 F.3d 661, 663 (9th Cir. 2000), we conclude that the district court correctly dismissed these claims on the alternative ground that Blakeley failed to state a cause of action.

Taking as true only the "well-pleaded factual allegations" of the complaint,

4

we conclude that they fail to "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 566 U.S. 662, 679 (2009). As to the initial stop, the complaint alleges that Gunderson pulled over Blakeley's vehicle for driving too slowly in violation of Alaska law. *Cf.* ALASKA ADMIN. CODE title 13, § 02.295. The complaint, however, fails to allege any facts that would support a conclusion that the initial stop was unlawful. *See Heien v. North Carolina*, 574 U.S. 54, 60 (2014) (holding that, to justify a traffic stop under the Fourth Amendment, "officers need only 'reasonable suspicion'" that the driver has committed a violation (citation omitted)); *see also United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 50–51 (1993) (holding that constitutional claims involving an "initial detention," arrest, or search generally must be evaluated exclusively under Fourth Amendment standards).

As to the alleged "search" of the vehicle, the complaint alleges only that the state troopers "looked inside" Blakeley's vehicle while positioned outside that vehicle. This allegation fails to state a claim. *See Texas v. Brown*, 460 U.S. 730, 740 (1983) (plurality) (holding that the Fourth Amendment is not violated by police actions in examining, from the outside, "that portion of the interior of an automobile which may be viewed from outside the vehicle by either inquisitive passersby or diligent police officers"); *id* at 745–46 (Powell, J., concurring in the judgment) (agreeing with the plurality on this point). To the extent that Blakeley

5

also challenges the officers' demands to see his license and registration, he fails to state a Fourth Amendment violation. *See Rodriguez v. United States*, 575 U.S. 348, 355 (2015) (holding that, during a traffic stop, police may "check[] the driver's license, determin[e] whether there are outstanding warrants against the driver, and inspect[] the automobile's registration and proof of insurance").

Blakeley's contention that the state troopers lacked governmental authority on the ground that they were merely agents of the "fictional" State of Alaska is frivolous. Subject to the limitations of the Constitution, the States retain traditional "police powers" to adopt laws and regulations "that relate to public health, safety, and welfare." *Velasquez-Rios v. Wilkinson*, 988 F.3d 1081, 1088 (9th Cir. 2021). Under the complaint's own factual allegations, the state troopers were enforcing such regulations and, as we have explained, Blakeley has failed to state a claim that the limits of the Constitution were transgressed during the traffic stop.

Finally, applying the liberal standard applicable to pro se litigants, we conclude that the district court did not abuse its discretion in denying Blakeley leave to amend his complaint. *See Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987); *see also Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc). Given the factual allegations that Blakeley has already made in his 100-page complaint, the frivolous nature of Blakeley's theories, and his wholesale failure to articulate any potentially plausible amendments that could

6

cure the complaint's defects, it was not an abuse of discretion to conclude that "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Rouse v. U.S. Dep't of State*, 567 F.3d 408, 418 (9th Cir. 2009) (citation omitted).

The judgment of the district court is **AFFIRMED.**